## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GEORGE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-02743 |
| | ) | |
| v. | ) | |
| | ) | |
| ADIC PRO LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT ADIC PRO LLC'S ANSWER TO
### PLAINTIFF GEORGE MOORE'S COMPLAINT

NOW COMES Defendant ADIC PRO LLC ("Defendant") by its attorney John N. Walker of the Waveland Law Group LLC, and for its Answer to the Complaint of Plaintiff GEORGE MOORE ("Plaintiff") states as follows:

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**ANSWER:**      Paragraph 1 contains legal conclusions to which no response is required. To the extent that Paragraph 1 contains factual allegations directed against this Defendant, Defendant denies the same.

2.      However, the TCPA doesn't only restrict robocalls.

**ANSWER:**      Paragraph 2 contains legal conclusions to which no response is required. To the extent that Paragraph 2 contains factual allegations directed against this Defendant, Defendant denies the same.

3.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER:**      Paragraph 3 contains legal conclusions to which no response is required. To the extent that Paragraph 3 contains factual allegations directed against this Defendant, Defendant denies the same.

4.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not- call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:**      Paragraph 4 contains legal conclusions to which no response is required. To the extent that Paragraph 4 contains factual allegations directed against this Defendant, Defendant denies the same.

5.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Adic Pro LLC ("Adic Pro"), violated the TCPA by sending multiple telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as sending such calls using illegal pre-recorded voices.

**ANSWER:**    Defendant admits only that Plaintiff purports to bring this action on behalf of himself and putative class members alleging violations of the TCPA against Defendant, Adic Pro LLC. Defendant denies that it violated the TCPA and denies any and all remaining allegations of Paragraph 5.

6.    Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

**ANSWER:**    Defendant admits only that Plaintiff purports to bring this action on behalf of a proposed nationwide class. Defendant denies any and all remaining allegations of Paragraph 6.

7.    A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:**  Paragraph 7 contains legal conclusions to which no response is required. To the extent that Paragraph 7 contains factual allegations directed against this Defendant, Defendant denies the same.

## PARTIES

8.    Plaintiff George Moore is an individual residing in the Northern District of Illinois.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and therefore denies the same.

9.    Defendant Adic Pro LLC is headquartered and has its principal place of business in Illinois.

**ANSWER:**  Defendant admits the allegations contained in Paragraph 9.

3

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**ANSWER:**     Paragraph 10 contains legal conclusions to which no response is required. To the extent that Paragraph 10 contains factual allegations directed against this Defendant, Defendant denies the same.

11.     This Court has general jurisdiction over Adic Pro because it is located in this District.

**ANSWER:**  Paragraph 11 contains legal conclusions to which no response is required. To the extent that Paragraph 11 contains factual allegations directed against this Defendant, Defendant admits only that it is located in this District.  Defendant denies any remaining allegations of Paragraph 11.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the calls at issue were orchestrated and designed to obtain business from individuals located in this District, and the calls were placed to this District and therefore a substantial part of the events giving rise to the claims occurred in this District.

**ANSWER:**  Paragraph 12 contains legal conclusions to which no response is required. To the extent that Paragraph 12 contains factual allegations directed against this Defendant, Defendant denies the same.

## BACKGROUND

The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

13.     The TCPA prohibits sending multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER:**  Paragraph 13 contains legal conclusions to which no response is required. To the extent that Paragraph 13 contains factual allegations directed against this Defendant, Defendant denies the same.

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone

solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Paragraph 14 contains legal conclusions to which no response is required. To the extent that Paragraph 14 contains factual allegations directed against this Defendant, Defendant denies the same.

15.    A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER:** Paragraph 15 contains legal conclusions to which no response is required. To the extent that Paragraph 15 contains factual allegations directed against this Defendant, Defendant denies the same.

16.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that sends those solicitations, or "on whose behalf" such solicitations are sent. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Paragraph 16 contains legal conclusions to which no response is required. To the extent that Paragraph 16 contains factual allegations directed against this Defendant, Defendant denies the same.

The TCPA Prohibits Prerecorded Calls to Cell Phones

17.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:** Paragraph 17 contains legal conclusions to which no response is required. To the extent that Paragraph 17 contains factual allegations directed against this Defendant, Defendant denies the same.

18.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

**ANSWER:** Paragraph 18 contains legal conclusions to which no response is required. To the extent that Paragraph 18 contains factual allegations directed against this Defendant, Defendant denies the same.

19.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

**ANSWER:** Paragraph 19 contains legal conclusions to which no response is required. To the extent that Paragraph 19 contains factual allegations directed against this Defendant, Defendant denies the same.

20.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**ANSWER:** Paragraph 20 contains legal conclusions to which no response is required. To the extent that Paragraph 20 contains factual allegations directed against this Defendant, Defendant denies the same.

21.     "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching services. *See* FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

**ANSWER:** Paragraph 21 contains legal conclusions to which no response is required. To the extent that Paragraph 21 contains factual allegations directed against this Defendant, Defendant denies the same.

22.     Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id.*

**ANSWER:** Paragraph 22 contains legal conclusions to which no response is required. To the extent that Paragraph 22 contains factual allegations directed against this Defendant, Defendant denies the same.

## FACTUAL ALLEGATIONS

23. Defendant Adic Pro is in the business of providing air duct cleaning services.

**ANSWER:** Defendant admits that it is in the business of providing air duct cleaning services, in addition to other services.

24. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Paragraph 24 contains legal conclusions to which no response is required. To the extent that Paragraph 24 contains factual allegations directed against this Defendant, Defendant denies the same.

25. Plaintiff Moore's telephone numbers, (630) XXX-XXXX and (630) XXX-XXXX are non-commercial telephone numbers that are used for residential purposes.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, and therefore denies the same.

26. Plaintiff Moore uses the telephone numbers for his own personal, residential, and household needs and reasons.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, and therefore denies the same.

27. Plaintiff Moore does not use the numbers for business reasons or business use.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations contained in Paragraph 27, and therefore denies the same.

28.     The numbers are residential telephone lines because they are assigned to a telephone exchange service for consumers and are not assigned to a telephone exchange service for businesses.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 28, and therefore denies the same.

29.     The numbers are assigned to a residential cellular telephone service.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29, and therefore denies the same.

30.     Plaintiff Moore's numbers have been on the National Do Not Call Registry for years since he registered them on the Registry prior to receiving the calls at issue.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 30, and therefore denies the same.

31.     Despite that, Mr. Moore received 7 telemarketing calls from the Defendant, including multiple calls in October 2024, December 2024 and March 2025.

**ANSWER:**  Defendant denies the allegations of Paragraph 31.

32.     The calls were placed with a prerecorded voice that largely played the same message, "Hello, nice to meet you. My name is David with Air Duct 24-7. How are you today? ... Am I speaking with the homeowner? ... Have you ever had your air ducts cleaned or inspected?"

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32, and therefore denies the same.  Further answering, Defendant states that it does not have any employee named David who makes telemarketing calls for Defendant, denies that it has ever done

business under the name Air Duct 24-7, and denies that it made any telemarketing calls to Plaintiff.

33.     The calls were made using a pre-recorded voice because (a) there was an unnatural pause before the robot began talking, (b) the voice sounded unnatural and monotonic, and (c) the message was generic and not personalized.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, and therefore denies the same.  Further answering, Defendant denies that it made any telemarketing calls to Plaintiff.

34.     Following the October 2024 calls, the Plaintiff called back the number associated with one of the calls he had received, and the representative stated that he worked for "Adic Pro."

**ANSWER:**  Defendant admits only that Plaintiff called Adic Pro's public number 847 270-8089, which is available on its website ([https://www.adicpro.com](https://www.adicpro.com)), on October 14, 2024, and again on October 22, 2024, and that the persons answering the calls worked for Adic Pro.  Further answering, Defendant denies that it made any telemarketing calls to Plaintiff to which Plaintiff was responding. Defendant denies any remaining allegations of Paragraph 34.

35.     On or about October 23, 2024 calls, the Plaintiff sent a writing to the Defendant asking for a copy of their Do Not Call Policy and stating that he had not consented to any of the calls.

**ANSWER:**  Defendant admits it received the email dated October 23, 2024 from the Plaintiff attached hereto as Exhibit A, which speaks for itself. Further answering, Defendant states that it does not have an employee by the name of "Hye Kim," and denies that it ever scheduled a service appointment for Plaintiff as stated in the email. Defendant denies any remaining allegations of Paragraph 35.

36.     The Plaintiff asked for a response to his writing.

**ANSWER:**  Defendant states that Exhibit A speaks for itself, and denies any and all allegations contained in Paragraph 36 that are inconsistent therewith.

9

37.     Adic Pro did not provide one.

**ANSWER:**  Defendant admits only that it did not respond to the email.  Defendant denies any remaining allegations of Paragraph 37.

38.     Instead, the Plaintiff continued receiving prerecorded telemarketing calls from the Defendant, including on December 10 and 18, 2024 and March 6, 2025.

**ANSWER:**  Defendant denies the allegations of Paragraph 38.

39.     To reconfirm the identity of the company that was calling him, and for no other reason, the Plaintiff responded to the recorded message during the March 6, 2025 call.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39, and therefore denies the same.

40.     The Plaintiff was then informed that a representative would be visiting him the next day following the call.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 40, and therefore denies the same.

41.     On March 7, 2025, the Plaintiff was visited by a representative who referenced the prior call and continued attempting to sell him air duct cleaning services.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 41, and therefore denies the same.  Further answering, Defendant's records contain no evidence of any visits to the Plaintiff's residence by representatives of Adic Pro.

42.     The Plaintiff declined the representative's offer.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and therefore denies

the same.  Further answering, Defendant's records contain no evidence of any visits to the Plaintiff's residence by representatives of Adic Pro.

43.     On March 10, 2025, the Plaintiff confronted the representative regarding the company he worked for, and the representative confirmed that he worked for Adic Pro.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 43, and therefore denies the same.  Further answering, Defendant's records contain no evidence of any visits to the Plaintiff's residence by representatives of Adic Pro.

44.     Plaintiff never consented to receive telemarketing calls from the Defendant.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 44, and therefore denies the same.  Further answering, Defendant states that it made no telemarketing calls to the Plaintiff.

45.     In fact, as described above, the Plaintiff explicitly revoked any purported consent to receive calls from the Defendant, but the calls continued.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 45, and therefore denies the same.  Further answering, Defendant states that it made no telemarketing calls to the Plaintiff.

46.     The calls were all placed to sell Defendant Adic Pro's goods and services, including air duct cleaning services.

**ANSWER:**  Defendant denies the allegations of Paragraph 46.

47.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations contained in Paragraph 47, and therefore denies the same. Further answering, Defendant states that it made no telemarketing calls or visits to the Plaintiff.

48. The Plaintiff never provided his consent or requested the calls.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 48, and therefore denies the same. Further answering, Defendant states that it made no telemarketing calls to the Plaintiff.

49. The aforementioned calls to the Plaintiff were unwanted.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 49, and therefore denies the same. Further answering, Defendant states that it made no telemarketing calls to the Plaintiff.

50. The calls were non-consensual encounters.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 50, and therefore denies the same. Further answering, Defendant states that it made no telemarketing calls to the Plaintiff.

51. The Defendant had the ability to immediately honor Plaintiff's do not call requests, but they did not. Instead, the Defendant continued to harass the Plaintiff for daring to make such a request.

**ANSWER:** Defendant denies the allegations of Paragraph 51. Further answering, Defendant states that it made no telemarketing calls to the Plaintiff.

52. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**ANSWER:** Paragraph 52 contains legal conclusions to which no response is required. To the extent that Paragraph 52 contains factual allegations directed against this Defendant, Defendant denies the same. Further answering, Defendant states that it made no telemarketing calls to the Plaintiff.

## CLASS ACTION ALLEGATIONS

53.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** Defendant incorporates by reference its Answers to all other paragraphs of this Complaint as if fully stated herein.

54.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**ANSWER:** Defendant admits only that Plaintiff purports to bring this action on behalf of himself and a putative class pursuant to Federal Rule of Civil Procedure 23. Defendant denies that class treatment is necessary or appropriate. Defendant denies any remaining allegations of Paragraph 54.

55.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class**: Plaintiff and all persons within the United States:
> (1) to whose cellular telephone numbers (2) Adic Pro, or a third party on their behalf, placed a call using artificial or pre-recorded voices (3) within the four years prior to the filing of the Complaint.

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the

time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**ANSWER:** Paragraph 55 contains legal conclusions to which no response is required. To the extent that Paragraph 55 contains factual allegations directed against this Defendant, Defendant denies the same. Further answering, Defendant denies that class treatment is necessary or appropriate as Defendant did not make any telemarketing calls to Plaintiff.

56.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes.

**ANSWER:** Defendant denies the allegations of Paragraph 56.

57.    Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:** Paragraph 57 contains legal conclusions to which no response is required. To the extent that Paragraph 57 contains factual allegations directed against this Defendant, Defendant denies the same.

58.    Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that cluttered legitimate communications.

**ANSWER:** Defendant denies the allegations of Paragraph 58.

59.    This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER:** Defendant admits only that the Complaint seeks injunctive relief and money damages, but denies that either are necessary or appropriate. Defendant denies any remaining factual allegations of Paragraph 59.

60.    The Classes, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

**ANSWER:** Defendant denies the allegations of Paragraph 60.

61. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds as the calls were sent in a generic fashion.

**ANSWER:** Defendant denies the allegations of Paragraph 61.

62. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER:** Defendant denies the allegations of Paragraph 62.

63. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:** Defendant denies the allegations of Paragraph 63.

64. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER:** Defendant denies the allegations of Paragraph 64.

65. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

   a. Whether Defendant sent multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

   b. whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

   c. whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

   d. Whether Defendant's conduct constitutes a violation of the TCPA; and

   e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** Paragraph 65 contains legal conclusions to which no response is required. To the extent that Paragraph 65 contains factual allegations directed against this

Defendant, Defendant denies the same.

66.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes because the Plaintiff has no interests which are antagonistic to any member of the Classes.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 66, and therefore denies the same.

67.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 67, and therefore denies the same.

68.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant or any other vendors providers used by Defendant as may be revealed in the course of discovery.

**ANSWER:**  Defendant denies the allegations of Paragraph 68.

69.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 69, and therefore denies the same.

## **FIRST CAUSE OF ACTION**

**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. § 227(b) on behalf of Plaintiff and the Robocall Class)**

70.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:**    Defendant incorporates by reference its foregoing Answers to the allegations as if fully set forth herein.

71.    The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded voice without their prior express written consent.

**ANSWER:**  Defendant denies the allegations of Paragraph 71.

72.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:**  Defendant denies the allegations of Paragraph 72.

73.    The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

**ANSWER:**  Paragraph 73 contains legal conclusions to which no response is required. To the extent that Paragraph 73 contains factual allegations directed against this Defendant, Defendant denies the same.

74.    Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**ANSWER:**  Defendant admits only that Plaintiff seeks the injunctive relief identified but denies that Plaintiff, or any putative class, is entitled to the relief sought against this Defendant. Defendant denies any remaining factual allegations of Paragraph 74.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the
National Do Not Call Registry Class)**

75.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:**  Defendant incorporates its Answers to the allegations from all previous paragraphs as if fully set forth herein.

76.     The foregoing acts and omissions of Defendant, and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**ANSWER:**  Defendant denies the allegations of Paragraph 76.

77.     Defendant's violations were negligent, willful, or knowing.

**ANSWER:**  Defendant denies the allegations of Paragraph 77.

78.     As a result of Defendant's, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf's, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:**  Defendant denies the allegations of Paragraph 78.

79.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, from sending telemarketing calls, including calls, to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER:**  Defendant admits only that Plaintiff seeks injunctive relief but denies that Plaintiff or any putative class member is entitled to any relief against this Defendant. Defendant denies any remaining allegation of Paragraph 79.

**THIRD CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the**
**Internal Do Not Call Class)**

80.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:**  Defendant incorporates its Answers to the allegations from all previous paragraphs as if fully set forth herein.

81.    The foregoing acts and omissions of Defendant, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**ANSWER:**  Defendant denies the allegations of Paragraph 81.

82.    Defendant's violations were negligent, willful, or knowing.

**ANSWER:**  Defendant denies the allegations of Paragraph 82.

83.    As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf's, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful

**ANSWER:**  Defendant denies the allegations of Paragraph 83.

**WHEREFORE,** Defendant Adic Pro LLC requests that Plaintiff and any putative class members take nothing by way of their Complaint, for costs of this action, and for all other just and proper relief in the premises.

**AFFIRMATIVE AND OTHER DEFENSES**

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

19

2.      Plaintiff's Complaint is barred to the extent it purports to bring claims on behalf of any individuals other than George Moore because he is the only named Plaintiff and the Complaint fails to state a claim for class action certification under Fed. R. Civ. P. 23.

3.      Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

4.      Plaintiff lacks standing to bring this action because he has not suffered an injury-in-fact as a result of any conduct by any Defendant.

5.      Plaintiff failed to join necessary and/or indispensable parties, in that Defendant does not do business as Air Duct 24-7.

6.      Plaintiff is not the real party in interest.

7.      The imposition of statutory damages against Defendant on a class wide basis under the TCPA would violate the Due Process Clauses of the United States Constitution.

8.      Plaintiff's claims are barred to the extent he is not a called party within the meaning of the TCPA.

9.      Plaintiff's claims are barred because any calls alleged to have violated the TCPA occurred with prior consent.

10.     Plaintiff's claims are barred because the alleged call or calls were not placed by the Defendant, Defendant's agent, or any other entity for which Defendant may be vicariously liable under the TCPA.

11.     Defendant acted in good faith, and has established procedures, to avoid any violations of the law. Any violations of the law were the result of a bona fide error.

12.     Defendant did not place any calls to Plaintiff using equipment that falls within the definition of an automatic telephone dialing system contained in 47 U.S.C. §227(a)(1).

13.     Defendant did not place any calls to Plaintiff using an artificial or prerecorded voice as those terms are used in 47 U.S.C. §227.

14.     Plaintiff's claims are barred to the extent that any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff or the putative class members.

15.     Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, estoppel and equity.

16.     To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

17.     To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Defendant denies that it willfully or knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

18.     The statutory damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, in addition to violating the due process clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff and the putative class members.

19.     Claims of the putative classes are barred, in whole or part, by the applicable statute of limitations.

20.     The putative classes should not be certified because common issues of law and fact do not predominate as required by Fed. R. Civ. P. 23(a)(2).

21.     The putative classes should not be certified because the claims of Plaintiff are not typical as required by Fed. R. Civ. P. 23(a)(3).

22.     The putative classes should not be certified because Plaintiff is not an adequate class representative as required by Fed. R. Civ. P. 23(a)(4).

23.     The putative classes should not be certified because individual questions of law and fact predominate over issues common to the putative classes.

24.     A class action should not be certified because it is not the superior method to adjudicate this controversy because the facts and circumstances of each putative class member differ.

25.     The putative class members lack standing to bring this action because they have not suffered an injury-in-fact as a result of any conduct by Defendant.

26.     Plaintiff's Complaint should be dismissed because it improperly seeks to certify individualized claims for money relief under Fed. R. Civ. P. 23(b)(2).

27.     A class action should not be certified because notice cannot be reasonably sent.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Class Action Complaint with prejudice, and award Defendant the costs of this action and expenses, including reasonable attorneys' fees.

Respectfully submitted,

**ADIC PRO LLC**

By: _____

      One of its attorneys

John N. Walker, Esq.
WAVELAND LAW GROUP LLC
10 S. Riverside Plaza
Suite 875
Chicago, IL 60606
312-880-7745
john_n_walker@wavelandlaw.com

# EXHIBIT A

## Telemarketing Calls

| | |
|---|---|
| From: | George Moore (gmoore3@att.net) |
| To: | info@adicpro.com; service@adicpro.com |
| Date: | Wednesday, October 23, 2024 at 12:55 PM CDT |

To Whom It May Concern:

I wanted to reach out regarding a telemarketing concern. In the past month, I have received repeated robocalls offering air duct cleaning services.

As a result of these calls, a service appointment was eventually scheduled and assigned to Hye Kim who confirmed that he works for Adic Pro.

I am not familiar with Adic Pro, and it was my understanding that I should stop receiving telemarketing calls once I registered my phone numbers on the national do-not-call list. So I am reaching out hoping that you can shed some light on what prompted the calls.

If there is documentation showing I requested to receive calls from Adic Pro, may I receive a copy? Please email it, along with a copy of your written do-not-call policy, to me at gmoore3@att.net or mail them to 816 W Alva St, Palatine, IL 60067. Either way, I would like to ask that you respond by 10/28/2024.

I look forward to your response. At the same time, I would like to also take this opportunity to request that your company stop calling and place my number 630-699-3200 on your do-not-call list.

Sincerely,

George Moore