IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | : | |
| | : | CIVIL ACTION FILE NO. 25-cv-2743 |
| Plaintiff, | : | |
| | : | **Judge Robert W. Gettleman** |
| v. | : | **Magistrate M. David Weisman** |
| | : | |
| ADIC PRO LLC d/b/a AIR DUCT 24-7, | : | |
| Defendant. | : | |

**JOINT INITIAL STATUS REPORT OF PARTIES' PLANNING MEETING**

Pursuant to this Court's Orders of March 17, 2025 (ECF No. 4), and June 11, 2025 (ECF Nos. 17, 18, and 19), the plaintiff George Moore and defendant ADIC Pro LLC,[1] by their respective undersigned counsel, hereby submit this joint report of the parties' planning meeting.

**A. The date and time this case is set for a status report before the Court**

This matter was originally set for a status hearing before Judge Gettleman on June 17, 2025 (ECF No. 4), however, upon receiving the parties' Joint Initial Status Report, Judge Gettleman stuck that date and referred the case to Magistrate Judge Daivd Weisman. This matter is now set for a status before Judge Weisman on July 10, 2025 at 1:00 p.m., and before Judge Gettleman on February 3, 2026 at 9:15 a.m.

**B. The attorneys of record for each party and trial counsel**

| Plaintiff | Defendant |
|---|---|
| Anthony I. Paronich | John N. Walker (Lead/Trial Counsel) |
| Paronich Law, P.C. | Edward G. Zaknoen (Additional/Notice) |
| 350 Lincoln Street, Suite 2400 | Waveland Law Group LLC |
| Hingham, MA 02043 | 10 S. Riverside Plaza |
| (508) 221-1510 | Suite 875 |

---

[1] The Defendant denies any affiliation with Air Duct 24-7.

Chicago, Illinois 60610
(312) 880-7745 (John Walker)
(312) 498-8533 (Ed Zaknoen)

**C. The basis of federal jurisdiction**

Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**D. Whether a jury has been requested**

The Plaintiff has made a jury demand.

**E. The nature of the claims asserted and a brief statement of the facts**

Plaintiff brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA") alleging that ADIC Pro violated the TCPA by sending multiple telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as sending such calls using illegal pre-recorded voices. This includes calls being made to individuals after they had requested to no longer receive calls.

Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls:

> **Robocall Class**: Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Adic Pro, or a third party on their behalf, placed a call using artificial or pre-recorded voices (3) within the four years prior to the filing of the Complaint.
>
> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

>**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

Defendant has filed an Answer and Affirmative Defenses and denies each and every material allegation made against it in the Complaint, specifically including, but not limited to, that Defendant made any of the telemarketing calls referred to by Plaintiff, that Defendant engages in robocalls, or that it in any way violated the TCPA. Defendant denies that Plaintiff or any class, if one exists, are entitled to relief under the TCPA. Defendant further denies that class treatment is appropriate in this case and reserves all other arguments with respect to Plaintiff's proposed class definitions.

### F. The relief sought in the complaint

The Plaintiff seeks to certify the classes listed above. Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made. Specifically, Plaintiff is entitled to an award of $500 in statutory damages for each violation of the statute. Statutory damages under the TCPA may be trebled if the Court, in its discretion, deems that a defendant "willfully or knowingly" violated the TCPA.

Defendant denies that it violated the TCPA and denies that Plaintiff, or any proposed class, is entitled to any damages or relief, whatsoever, or whether they suffered any actual harm. Defendant further denies that it acted "willfully or knowingly" with respect to any alleged violation of the TCPA. Defendant denies that class treatment is appropriate and reserves all arguments regarding Plaintiff's proposed class definitions. Defendant seeks judgment on its behalf and an award of costs.

**G. The name of any party which has not been served.**

Adic Pro LLC has been served but denies that it does business as Air Duct 24-7 as captioned in the Complaint.

**H. The principal legal issues**

- Whether the Plaintiff and members of the purported class have standing (and whether this can be evaluated on a class-wide basis);
- Whether the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);
- Whether any of the alleged calls to the Plaintiff violated the TCPA;
- Whether the Defendants conduct was "knowing or willful";
- Whether Defendant is vicariously liable for any calls made to Plaintiff; and
- Whether any Affirmative Defenses or constitutional protections bar any of Plaintiff's claims or any claims for damages on behalf of a proposed class.

**I. The principal factual issues**

- Whether the alleged calls at issue are telemarketing;
- What is the extent of the relationship, if any, between Defendant and the entity that made any calls;
- Whether there are factual differences between the circumstances of the alleged calls to the Plaintiff and those of other members of the putative class that are relevant to the Rule 23 analysis.
- Whether Defendant made the calls to Plaintiff.
- Whether Plaintiff consented to any calls.
- Whether Plaintiff is an adequate class representative.

**J. A brief description of all anticipated motions**

After discovery, the Plaintiff intends to file a motion for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3). If the class is certified, the Plaintiff will file a motion for distribution of class notice and then may file a motion for summary judgment. The Defendant intends to file a Motion for Summary Judgment with respect to whether Defendant made any of

the calls as alleged by Plaintiff, and may file a motion regarding consent by named Plaintiff and alleged class members.

**K. Proposed Discovery Plan**

The parties have held a Rule 26 planning conference and do not suggest any changes to the sequence, timing, order, or limitations on discovery, except to the extent provided in the proposed dates below. Plaintiff has already served Interrogatories and a Request for Production on Defendant, which Defendant contends was served prematurely, but has agreed to answer by June 20, 2025. Plaintiff disagrees that the discovery was served prematurely. Plaintiff's initial discovery requests focus on whether defendant or any entity acting on its behalf made the calls to Plaintiff and their identities, along with certain other information. Plaintiff also has served subpoenas on third parties who allegedly made the calls to Plaintiff. Defendant has not yet served any discovery requests but intends to do so after receiving Plaintiff's Initial Disclosures. The parties informally agree that the initial discovery directed towards whether Defendant made the calls to Plaintiff or engaged any entity to make such calls on its behalf to Plaintiff, will expedite the possible resolution of this case by settlement or otherwise.

The parties propose the following discovery schedule:

| EVENT | DATE PROPOSALS |
|---|---|
| Initial Disclosures | July 1, 2025 |

| | |
|---|---|
| Serve Initial/Additional Written Discovery Requests | July 15, 2025[2] |
| Complete Fact Discovery (including any third-party discovery) | March 5, 2026 |
| Plaintiff's Expert Disclosures | By March 6, 2026 |
| Defendant's Expert Disclosures | April 6, 2026 |
| All Expert Discovery Completed | June 6, 2026 |
| All Discovery Cutoff and Class Certification filing deadline | June 29, 2026 |
| Summary Judgment filing deadline | To occur no less than 120 days after the Court's ruling on class certification |
| Pre-Trial Disclosures | At least 30 days prior to the trial date |
| Trial | TBD |

**L. The earliest date the parties would be ready for trial and probable length of trial**

---

[2] The parties are free to serve written discovery both prior to and after this date, but are proposing this date to serve additional or initial requests (in Defendant's case), to attempt to move the proceedings along.

Until there is a decision on the class certification motion, the parties are not able to provide an estimate of when they will be ready for trial. The parties anticipate that trial will take 5 days.

**M. The status of any settlement discussions.**

The parties have discussed settlement but the Plaintiff must receive information regarding the calls made in order to properly evaluate the merits or lack of merits of his claim and the size of the proposed class.

**N. Whether the parties will consent to jurisdiction before a magistrate judge.**

Not at this time.

PLAINTIFF,

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

***/s/ Edward G. Zaknoen***
John N. Walker
Edward G. Zaknoen
Attorneys for Defendant
WAVELAND LAW GROUP LLC
10 S. Riverside Plaza, Suite 875
Chicago, Illinois 60606
(312) 880-7745 (John N. Walker)
(312) 465-8533 (Edward G. Zaknoen)
(312) 277-3436 (facsimile)
john_n_walker@wavelandlaw.com
edward_zaknoen@wavelandlaw.com